UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN H. LEE,                                    Case No. 11-12586

       Plaintiff,                              District Judge Victoria A. Roberts

v.                                                Magistrate Judge R. Steven Whalen

TROTT & TROTT, P.C.*,*

       Defendant.
                                                          /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Trott & Trott, P.C.'s August 26, 2012 *Motion for Summary Judgment/Dismissal* [Docket #26]*,* which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the following reasons, I recommend that the motion be GRANTED, dismissing this Complaint with prejudice.

**I. BACKGROUND**

Plaintiff Steven H. Lee, proceeding *pro se,* filed suit on June 14, 2011, alleging improprieties relating to the assignment and proposed foreclosure of a mortgage against his residential property at 3584 Woodridge Drive, Howell, Michigan 48092. The mortgage, executed in the amount of $307,000.00, was granted to Plaintiff on August 17, 2004.

Pursuant to the District Court's November 3, 2011 order, *Docket #7*, Plaintiff filed an Amended Complaint on November 28, 2011 in which he makes the following allegations.

*Docket #8.* He states that Defendant Trott & Trott, P.C., ("Trott & Trott") sent him a letter on May 23, 2011, requesting payment of the $241,699.78 balance on the defaulted mortgage on behalf of its client, assignee of the original mortgagee, OneWest Bank, FSB ("OneWest Bank"). *Amended Complaint* at ¶14. Plaintiff alleges that Trott & Trott had no authority to collect the debt. *Id.* at ¶15. He reasons that because he has never entered into a contractual agreement with Trott & Trott, a law firm hired by the current mortgage holder to process the foreclosure by advertisement, Trott & Trott is not entitled to make the above demand.

Plaintiff also alleges that his request for verification of the debt, made to "Defendant(s)" on May 12, 2011, did not result in a timely answer, giving him "reasons to believe that Defendant(s) lacks the authority claimed." *Id*. at ¶¶23-24. He alleges, in effect, that Defendant fraudulently claimed that it had authority to collect the debt when in reality it "has no standing to collect." *Id*. at ¶ 25. Plaintiff cites a notice of foreclosure sale for June 15, 2011, advertised on May 13, 2011. *Id., Exhibits C-D.*

Plaintiff also claims violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA"), asserting that because Defendant Trott & Trott is an "assignee or substitute trustee," it is also a "debt collector" under the Act. *Id.* at ¶¶28-29. He alleges that Defendant used "false, deceptive, and misleading representations or means" in attempting to collect a debt to which it was not legally entitled and that Defendant "misrepresented the character, amount, and legal status of the alleged debt" in violation of 15 U.S.C. §§ 1692e(2), 1692f. *Id.* at ¶38. In addition to violations of the FDCPA, he alleges "fraud and/or negligence," and "extreme emotional distress." *Id.* at ¶¶57-61.

Plaintiff requests the removal of all liens from the disputed property (quiet title), disgorgement "of all amounts wrongfully acquired by Defendant(s); $921,000.00, representing "three times the amount" Defendant improperly demanded; damages for pain and suffering; prejudgment and postjudgment interest; and attorney's fees and costs.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[1] *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft*

---

[1] While Defendant cites Rule 12(b)(6), this motion was brought after an answer to the complaint was filed, technically making Rule 12(c) the operative rule.

*v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

Defendant Trott & Trott has presented sufficient grounds for dismissal of all the claims against it. Plaintiff has not brought suit against the original mortgagee or assignee to the mortgage agreement. However, the gist of his claim appears to be that after the original mortgagee, Indymac Bank, F.S.B. ("Indymac Bank") assigned its interest (via the receivership of Federal Deposit Insurance Corporation) in the property to OneWest Bank, he was not required to abide by the terms of the original mortgage agreement. *Amended*

*Complaint* at ¶¶16, 35-37; *Defendant's Exhibits C-D.* Plaintiff's claim that Trott & Trott did not have standing to enforce the assignee's interest in the property appears to be based on the same grounds. *Id.*

However, the original mortgage agreement states that the promissory note and mortgage "can be sold one or more times without prior notice to Borrower." *Defendant's Exhibit C* at ¶20. Further, "a litigant who is not a party to an assignment lacks standing to challenge that assignment," aside from the instance in which the obligor raised a claim to avoid "having to pay the same debt twice." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC* 399 Fed.Appx. 97, 102, 2010 WL 4275305, *4 (6th Cir. October 28, 2010). Plaintiff makes no such claim here, and in any event, the assignability of the note and mortgage was contemplated in the original mortgage agreement, eliminating any risk of double liability for the debt. Moreover, Plaintiff does not state how the assignment prejudiced his rights under the mortgage agreement. He does not allege that the terms of the loan were changed as a result of the assignment, or if and how the mortgage agreement was breached. His failure to show how he was prejudiced by the assignment defeats the claim that Trott & Trott (retained by assignee OneWestBank to pursue the foreclosure action) was not entitled to pursue its client's security interests.

### A. Claims Under the FDCPA

Defendant Trott & Trott argues that the FDCPA claims should be dismissed because it is not a "debt collector" as defined by the Act. *Defendant's Brief* at 6-7. Citing *Gathing*

*v. MERS, Inc*., 2010 WL 889945 (W.D. Mich. March 10, 2010), Defendant contends that its role in the proposed foreclosure by advertisement (as opposed to a judicial foreclosure) excludes it from the requirements of the Act.

Under the FDCPA, a debt collector is defined as an entity or individual "who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Trott & Trott's attempt to enforce its client's security interests through a foreclosure by advertisement is insufficient to show that it was a "debt collector" under the FDCPA. *Montgomery v. Huntington Bank,* 346 F.3d 693, 699–701 (6th Cir.2003) (*citing Jordan v. Kent Recovery Serv., Inc.,* 731 F.Supp. 652, 656 (D.Del.1990)). "[A]ttorneys who merely represent creditors . . . do not act as 'debt collectors' under the FDCPA." *Duncan v. Bank of America, N.A.,* 2012 WL 5383147, *4 (E.D.Mich.,October 15, 2012)(collecting cases)(internal citations and punctuation omitted). Trott & Trott's correspondence to Plaintiff, stating that it had been hired to conduct foreclosure by advertisement proceedings, does not amount to a "demand letter" under the FDCPA. *Id.* Further, the fact that Trott & Trott's letterhead states that "[t]his firm is a debt collector attempting to collect a debt," does not render the law firm "a debt collector" under the Act. *Defendant's Exhibit E.* "Courts faced with identical arguments have rejected the proposition that a law firm is

transformed into a debt collector when its letterhead contains such a disclaimer." *Golliday v. Chase Home Finance, supra,* 721 F.Supp.2d 629, 636 (W.D. 2011).

Even assuming that the FDCPA were applicable to Defendant's actions, the claims are dismissible on their merits. Plaintiff alleges violations of § 1692e(2) and §1692f by Trott & Trott. Section 1692e(2) prohibits "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." While Plaintiff alleges in conclusory fashion that Defendant falsely represented the character, amount, and/or legal status of the mortgage debt, *Amended Complaint* at ¶38, he was not provided any plausible basis to support a claim that the amount of the mortgage balance stated on the foreclosure notice was incorrect or that he was entitled to cease payments on the mortgage just because the original mortgagee assigned its interest to a third party.

Likewise, the § 1692f claims are subject to dismissal. An individual enforcing a security interest through nonjudicial action, not otherwise subject to the FDCPA, could be subject to liability under the Act if found to be violating § 1692f(6). *Gathing, supra,* 2010 WL 889945, at *13 (*citing Montgomery, supra,* 346 F.3d at 700). Section 1692f(6), in applicable parts, prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest" or "(C) the property is exempt by law from such dispossession or disablement." As discussed above, Plaintiff does not dispute that he defaulted on the 2004 mortgage agreement. The mortgage

-8-

agreement allows the mortgagee or assignee to foreclose on the property in the event of default. *Defendants' Exhibit C* at §§ 20, 22. Trott & Trott, acting on behalf of the assignee of the original mortgagee, was permissibly asserting its client's rights as stated in the original agreement. Finally, Plaintiff's implied claim that Trott & Trott failed to validate the debt as required by § 1692g(b) is defeated by his failure to allege or otherwise demonstrate that he disputed the debt within 30 days after Defendant's October 1, 2010 notification that the mortgage debt had been referred for foreclosure.

### B. Plaintiff Has Not Stated a Claim of Fraud and/or Negligence

Next, Defendant argues that Plaintiff has failed to state a claim of either fraud or negligence. *Defendant's Brief* at 9.

### 1. Fraud

Under Rule 9(b), the plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."*Sanderson v. HCA-The Healthcare Co.* 447 F.3d 873, 877 (6th Cir. 2006)(internal citations omitted). In Michigan, a claim of fraud requires the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements

"is fatal to a recovery." *Id.* (Internal citations omitted).  The purpose of Rule 9(b) "is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich.2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

Notwithstanding the inclusion of the terms "fraud" and "fraudulent" in the Amended Complaint, this claim is subject to dismissal.  Plaintiff has not set forth a plausible claim that Trott & Trott deliberately misrepresented its  client's legal rights in seeking foreclosure, notwithstanding his erroneous belief that he does not have to make mortgage payments following the assignment to a third party.

### 2.  Negligence

Likewise, Plaintiff has not made out a claim of negligence. "Under Michigan law, a plaintiff alleging a claim of negligence must demonstrate the following four elements: 1) a duty owed to the plaintiff by the defendant, 2) breach of that duty, 3) causation, and 4) damages. *Brown v. U.S.* 583 F.3d 916, 920 (6th Cir. 2009)(*citing Case v. Consumers Power Co.,* 463 Mich. 1, 6, 615 N.W.2d 17, 20 (2000)).  Defendant Trott & Trott, representing its client's interests in processing the foreclosure, "owed no duty of care to  Plaintiff." *Cingolani v. BAC Home Loans Servicing, L.P.,* 2012 WL 3029829, *5 (E.D.Mich.2012)(Duggan, J.)(*citing Friedman v. Dozorc,* 412 Mich. 1, 22-23, 312 N.W.2d 585, 591 (Mich.1981)).  *See also Johnson v. Trott & Trott, P.C.,* 829 F.Supp.2d 564, 572 (W.D.Mich.2011)(*citing Morgan v. Sun Trust Mortgage,* 2011 WL 2690151, at *2

(W.D.Mich. Jul. 5, 2011))("defendant . . . representing its client in a nonjudicial foreclosure against plaintiffs [] owed no duty to plaintiffs").

Because Plaintiff has not plausibly alleged that Defendant owed him a duty of care, much less breach of duty, this claim should be dismissed.

### C. Intentional Infliction of Emotional Distress

Likewise, Plaintiff cannot show intention infliction of emotional distress ("IIED") by Defendant Trott & Trott. *Defendant's Brief* at 11-12. To establish a claim of IIED a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford,* 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999); *Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. Under this standard, it is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

Alleging "extreme emotional distress," Plaintiff claims that Defendant's actions placed him in fear of losing his home and "being rendered homeless." *Amended Complaint* at ¶60. However, he cannot show that Defendant acted outside of the parameters of the

original mortgage agreement (much less outrageously) in processing the foreclosure by advertisement.

### D. Real Estate Settlement Procedures Act

Finally, Defendant argues that insofar as the Amended Complaint can be construed to allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*("RESPA"), these claims are also subject to dismissal. *Defendant's Brief* at 12-13.

Under RESPA, a Qualified Written Request ("QWR") for verification by a borrower "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). The loan servicer has 60 days (excluding holidays and weekends) to provide the borrower with a "written explanation or clarification" of the requested information and the name and contact information of an individual or department able to provide additional assistance. § 2605(e)(2)(A), (B)(ii).

Defendant points out that requests for verification under RESPA are to be made to the loan servicer. § 2605(e). Plaintiff has not alleged that Defendant Trott & Trott was at any time acting as a loan servicer. "Failure to plead that a defendant is in fact a loan servicer will defeat a plaintiff's cause of action under RESPA." *Hutchens v. Bank of America N.A.,* 2012

WL 1618316, *5 (E.D.Tenn.May 9, 2012).[2]  Accordingly, to the extent that the Amended Complaint can be construed to state RESPA claims, they should be dismissed.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' motion [Docket #26] be GRANTED, and that the complaint be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[2] Defendant's Exhibits show that Plaintiff's inquiry was timely answered. Plaintiff submitted a QWR to Indymac on May 12, 2011. *Defendant's Exhibit J.* On May 24, 2011, Indymac responded, enclosing a copy of the promissory note and a 24-month payment history. *Defendant's Exhibit K.* Plaintiff was advised that he would be required fill out an order form for certified copies of the loan documents. *Id.*

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 9, 2013.

s/Johnetta M. Curry-Williams
Case Manager
