UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN H. LEE,

    Plaintiff

Vs                                               Case No:  11-12586

TROTT & TROTT, P.C.,                    Honorable Victoria A. Roberts
and JOHN DOE

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

       This matter is before the Court on Defendant Trott & Trott P.C.'s ("Trott & Trott") Motion for Summary Judgement/Dismissal. Magistrate Judge R. Steven Whalen recommends that the Court grant Trott & Trott's motion and dismiss the complaint with prejudice. Plaintiff Steven H. Lee ("Lee") filed objections and Defendant responded. Lee claims that he is not obligated to make payments on his mortgage because OneWest Bank, FSB ("OneWest"), as assignee of the original mortgagee oes not have an enforceable interest. Trott & Trott is sued because it provided legal representation to One West.

       The Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation, and **GRANTS** the Defendant's motion.

**II. BACKGROUND AND PROCEDURAL HISTORY**

       On August 17, 2004 Lee granted a mortgage in the amount of $307,000 to IndyMac Bank, FSB("IndyMac").  On January 25, 2004 IndyMac assigned the mortgage to OneWest.  Lee

1

defaulted on the mortgage; he failed to make the required monthly payments. Payments from July 1, 2010 are currently due.

In September of 2010, OneWest retained Trott & Trott to foreclose on the property. Lee sued Trott & Trott. In an Amended Complaint filed on November 28, 2011, Lee states that on May 23, 2011 Trott & Trott sent him a letter on behalf OneWest, requesting payment of the $241,699.78 on the defaulted mortgage. *Amended Complaint* at ¶ 14. Lee says that once IndyMac assigned the mortgage to OneWest, he did not have an obligation to pay, and OneWest did not have an enforceable interest in the property. *Id.* at ¶ 15¶ 25. Lee claims that he sent a written request to Trott & Trott requesting validation of the debt, and Trott & Trott failed to timely reply to the request. Lee says this gave him "reason to believe the Defendant lacked the authority claimed." *Id.* at ¶ 23.

Lee also claims that Trott & Trott violated the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C 1692. He claims that Trott & Trott is a "debt collector" under the statute. Lee alleges that Trott & Trott specifically violated 15 U.S.C §§ 1692e (2), 1692(f) by misrepresenting the "character, amount, and legal status of the alleged debt." *Id.* at ¶38.  Lee also alleges fraud, negligence, and "extreme emotional distress." *Id.* at ¶¶57-61.

III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to "state a claim upon which relief can be granted." In assessing the sufficiency of a 12(b)(6) motion, the Court must accept plaintiff's factual allegations, and ask whether the plaintiff is entitled to legal relief as a matter of law. *Rippy v. Hattaway*, 270 F .3d 416, 419 (6th Cir. 2001). To be considered sufficient, a complaint must be based on factual allegations and not only legal conclusions.

*Ashcroft v. Iqbal* 556 U.S. 662,678 (2009). The facts must also show a "plausible" claim for relief. *Id.*

Summary judgment is appropriate when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under 28 USC § 636(b)(1), this Court conducts *de novo* review of proper objections to the Magistrate Judge's Report and Recommendation.

## IV. ANALYSIS

Trott & Trott presented sufficient grounds for dismissal of the claims against it. Lee argues that after IndyMac assigned its interest in his property to OneWest, he was no longer required to comply with the terms of the mortgage agreement. *Amended Complaint* ¶¶ 16, 35-37. Lee also claims that Trott & Trott did not have standing to enforce OneWest's interest in the property because the assignment voided the mortgage agreement. *Id.*

The mortgage agreement states that the mortgage "can be sold one or more times without prior notice to the borrower." (Dkt 26 Pg ID 469). Pursuant to the original mortgage agreement, IndyMac had the authority to assign its interest in the mortgage to OneWest; Trott & Trott had the authority to enforce the security interest in the defaulted mortgage.

### *A. Trott & Trott is not a "Debt Collector" under the FDCPA*

Trott & Trott's efforts to enforce OneWest's interest through a non-judicial foreclosure by advertisement does not transform it into a "debt collector" as defined by the FDCPA in § 1692a(6). In *Heinz v. Jenkins*, the Supreme Court did hold that an attorney who is consistently engaged in "consumer debt collection activity" is subject to liability under the FDCPA, and is

considered to be a "debt collector." 514 U.S. 291, 299 (1995). Although it is widely known that Trott & Trott engages in consumer debt collection activity, no evidence is in this record concerning the nature and extent of Trott & Trott's debt collection practices.

Importantly, the Sixth Circuit consistently holds that an attorney pursuing a non-judicial foreclosure by advertisement is not a debt collector under the FDPCA. *See, e.g.*, *Montgomery v. Huntington Bank,* 346 F .3d 693 (6th Cir. 2003), *Temarsch v. Fabrizio Brook,* No. 06-12514, 2006 U.S. Dist. WL 3086933, at *2 (E.D. Mich. Oct. 30, 2006), *Lamar McCall v. GMAC Mortg. Corp.*, No. 07-10198, 2007 U.S. Dist. WL 1201535 at *1 (E.D. Mich. April 6, 2007). Trott & Trott conducted a foreclosure by advertisement pursuant to MCL 600.3201, and therefore is not a "debt collector" under the FDCPA. See *Gathing v. MERS, Inc.*, 2010 U.S. Dist WL 889945 at*13 (W.D. Mich. March 10, 2010) (finding that a law firm representing a bank enforcing a security interest through a foreclosure by advertisement is not a "debt collector" under the FDCPA).

Even if Trott & Trott were considered to be a "debt collector" under the FDCPA, Lee's claim can be dismissed on the merits. Lee alleges that Trott &Trott violated § 1692e(2) and § 1692f of the FDCPA. Section 1692e(2) prohibits any "false representation of (A) the character, amount or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Although Lee alleges that Trott & Trott misrepresented the character, amount, and legal status of the mortgage debt, he provides no factual basis for his conclusion. *Amended Complaint ¶* 38.

The claims under § 1692f are equally unavailing. An entity enforcing a security interest through non-judicial means is not subject to the general provisions of the FDCPA, except §

1692f(6). *Montgomery,* 346 F.3d at 700. Section 1692f(6) of the FDCPA prohibits "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." None of these provisions applies. Lee does not dispute that he defaulted on his mortgage in 2004. Additionally, the mortgage agreement specifically allows the mortgagee or assignee to foreclose on the property if there is a default. (Dkt 26 Pg ID 469-470). Trott & Trott has not violated § 1692f(6) of the FDCPA by attempting to conduct a foreclosure; Lee defaulted on his mortgage

### *B. Lee Does Not State Claims for Fraud or Negligence*

Lee asserts that Trott & Trott committed fraud and/or negligence when it sent a letter requesting payment on the defaulted mortgage. *Amended complaint* ¶¶57-59. Under Fed. R. Civ. P. 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." In Michigan the standard for fraud requires: (1) The defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiffs; (5) that plaintiff acted in reliance upon it; and (6) that he suffered injury. *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976). The burden is on the plaintiff to state each of these facts. *Id.* Under Michigan law, conclusions are insufficient to establish a claim of fraud. *Emerick v. Saginaw*, 104 Mich. App. 243, 247 (1981). Lee failed to allege any plausible facts with

sufficient particularity to support a claim of fraud. *Amended Complaint* ¶ 25. Thus, the claim of fraud must be dismissed.

In Michigan a properly pled negligence claim requires plaintiff to allege:"1) a duty owed to the plaintiff by the defendant, 2) breach of that duty, 3) causation and 4) damages," *Henry v. Dow Chemical Co*., 473 Mich. 63, 71-72. Trott & Trott, as representative of OneWest Bank, owed no express duty of care to Lee. *See Cigolani v. BAC Home Loans Servicing L.P*., 2012 WL 3029829, at *5 (E.D. Mich. July, 25 2012)(Citing *Friedman v. Dozorc* 412 Mich. 1, 22-23 (Mich. 1981)). Lee fails to allege that Trott & Trott owed him a duty of care and that the duty was breached. (Dkt 8 Pg ID 158-159). The negligence claim must be dismissed.

### *C. Lee Does Not State a Claim for Intentional Infliction of Emotional Distress (IIED)*

To state an IIED claim, a plaintiff must allege :"(1) extreme or outrageous conduct, (2) intent or recklessness, (3) causation and (4) severe emotional distress." *Margita v. Diamond Mortg. Corp.,* 159 Mich. App. 181, 188 (1987).  Lee alleges "extreme emotional distress" caused by his fear of becoming homeless as a result of the foreclosure. *Amended Complaint* ¶ 60. However, he alleges no facts to support his conclusion that Trott & Trott acted in an extreme and outrageous manner while conducting the foreclosure by advertisement on behalf of OneWest.

### *D. Lees Does Not State a Claim under the Real Estate Settlement Procedures Act*

Trott & Trott argues that insofar as the Amended Complaint could be read to allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"), these claims also have no merit. The Court agrees. Under the RESPA, a borrower may submit a written request for verification of information relating to servicing of the loan to a loan servicer.

12 U.S.C. § 2605(e)(1)(B). However, Lee does not allege that Trott & Trott is a loan servicer. Lee has no cause of action under the RESPA.

**V. CONCLUSION**

After careful consideration of the Report and Recommendation, the objections filed by the Plaintiff, and reply to the objections filed by the Defendant, the Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation. Defendant's motions is **GRANTED**, and the Complaint against Trott & Trott, P.C. only, is dismissed with prejudice.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 12, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Steven Lee by electronic means or U.S. Mail on July 12, 2013.

S/Linda Vertriest
Deputy Clerk